## No. 916

### McCLARRAN v. LONGDIN-BRUGGER CO.

Ohio Appeals, 9th Dist., Wayne Co.

No. 817. Decided May 26, 1926

1162. TESTIMONY—If defendant is the only one testifying that certain goods were not seasonable, he cannot complain because plaintiff did not put on evidence to contradict him and show that goods were seasonable.

313. CORPORATIONS—Where goods of company are manufactured in another state and are sold by travelling agents and delivered in this state, provisions of 178 and 179 GC. have no application to such company, as being in violation of the interstate commerce clause of the constitution of the United States.

FUNK, J.

The Longdin-Brugger Co. sued Samuel McClarran in the Wayne Common Pleas for $191.52 as the balance on an account based upon a wrwritten order for Close Tite automobile tops. McClarran denied the Company's corporate existence, and denied any liability to the Company for the reason that the Company had violated its contract by shipping imperfect and defective goods and violated its agreement that it would not sell its goods to any other dealers in Wayne County; that he had rescinded the contract and remitted $150.96 for the four tops he had sold and shipped back six tops valued at $191.52.

The jury returned a verdict in favor of the Company for the full amount and judgment was entered thereon. McClarran prosecuted error and complained that the lower court has erred in overruling his motion for judgment in the pleadings because the company had not complied with 178 and 179 GC. and therefore could not maintain an action; and that the Company attempted to shift the cause of action from one on an account to an action on a contract as set forth in its reply. It was further claimed that the court erred in refusing to permit McClarran to show what was meant by the words "exclusive arrangement" on the order signed by him; that counsel for the Company were guilty of misconduct in argument and that the representative of the Company should have testified; and that the court erred in permitting the Company, after verdict and before judgment, to amend its petition by adding the words "and made a part hereof," thereby making copy of the account, which was already attached to its petition, a part of it. The Court of Appeals held:

1. The Company is a foreign corporation and it was not necessary for it to allege, as a condition precedent to its right to recover, that it had no part of its capital or plant in Ohio and was engaged in Ohio only in interstate commerce.

2. Secs. 178 and 179 GC. have no application or are inoperative as to the Company because in violation of the interstate commerce clause of the U. S. Constitution, since the evidence disclosed that the Company was merely selling through travelling agents and delivering goods manufactured outside of the state.

3. As to McClarran's contention that the Company shifted the cause of action from one on account to one on contract in the reply, a reading of the pleadings shows that the company was only answering the allegations of the defendant in his answer; and in addition pleaded some evidence that was unnecessary and might properly on motion have been stricken out; but same does not change the cause of action.

4. The objection to the question asked by counsel, "Tell the jury what was meant by the terms "exclusive arrangement", was properly sustained since this question was calling for a conclusion, and as there had been no competent evidence offered showing that the Company had not agreed to sell to any other dealer in Wayne County, the objections to questions on this point were properly sustained.

5. McClarran being the only witness who testified that the goods were not seasonable, he cannot complain because the Company did not offer evidence to contradict him and show that the goods were seasonable and not defective and imperfect.

6. The court, by virtue of 11363 GC. may permit an amendment to the pleadings before or after judgment in the amendment to the pleadings before or after judgment in the furtherance of justice; and it was no abuse of discretion to make the account a formal part of the petition since it could be of little consequence after the case had gone to trial and the account offered in evidence.

Judgment therefore affirmed.

Attorneys—H. R. Smith for McClarran; Daniel C. Funk for Company; both of Wooster.